STATE, EX REL ATTORNEY GENERAL *v.* BURNETT.

4-5957 140 S. W. 2d 673

Opinion delivered May 13, 1940.

*Frank Pace, Jr., E. E. McLees* and *Lester M. Ponder,* for appellant.

*A. F. House* and *Elsijane Trimble,* for appellee.

HUMPHREYS, J. In the year 1936, appellee, a nonresident of this state, was the owner of a farm near Winchester, in Jefferson county, Arkansas, for which she received an annual rental of $3,000, including all equipment. Under the income tax law of this state she was entitled to and allowed $1,000 on account of depreciation leaving a net income from said farm of $2,000. In addition, she had an income from stocks of $18.75 per annum, making a total net income of $2,018.75. Under the income tax law of this state a married individual living with husband or wife is allowed a personal exemption of $2,500. In view of this statutory exemption she filed her individual income tax return reporting no taxable income above her exemption. She and her husband, Harry Burnett, with whom she resided in Massachusetts, filed a joint federal return as required by the statutes of the United States, for the year 1936, showing their aggregate net income to be $5,812.79, which amount included appellee's net income of $2,018.75 on her Arkansas property. After obtaining this information the Commissioner of Revenues in this state took the position that under § 16 of act 118 of the Acts of 1929, the net income of her husband, Harry Burnett, received from property not in Arkansas should be included with her net income in the state in order to ascertain the amount of exemptions to which appellee was entitled. The Commissioner calculated the amount of taxes due under his interpretation of the statute and assessed a tax of $16.94 against appellee which she refused to pay and this suit was brought by appellant for the amount in the first division of the circuit court of Pulaski county.

The facts were all set out in the complaint and appellee filed an answer denying the allegations therein.

The cause was submitted to the court sitting as a jury upon an agreed statement of facts heretofore set out in substance. There is no dispute about the facts. Appellee and her husband were non-residents of this state and resided together in Massachusetts. Appellee owned the property in Arkansas from which she received a yearly rental of $3,000 gross, and owned some stocks from which she received $18.75, per year. After deducting therefrom $1,000 for depreciation she received a net income of $2,018.75. Her husband received a net income of $2,841.51 from sources outside of Arkansas. His income had nothing to do with any kind of property or earnings in Arkansas. He never filed any return for income tax in this state, and being a non-resident and owning no property of any kind in this state was not required to do so. In other words the state of Arkansas had no jurisdiction or right to assess an income tax against him, because he owned no property in the state and received no income of any kind from any source in the state.

The only question, therefore, involved on this appeal is whether appellee is entitled to $2,500 exemption under § 16 of act 118 of the Acts of 1929. The act insofar as applicable to the issue herein involved is as follows:

"Section 16: EXEMPTION. There shall be deducted from the net income the following exemptions:

"(b) In the case of

"A married individual living with husband or wife, a personal exemption of $2,500.

"A husband and wife living together shall receive but one personal exemption of $2,500, against the aggregate net income.

"In case they make separate returns, the personal exemption of $2,500 may be taken by either or divided between them.

"(f) In the case of a non-resident taxpayer—the taxpayer shall be entitled to that proportion of the exemption granted by this act that the gross income within the state bears to the entire gross income wherever earned."

Exemptions under this act necessarily mean exemptions from net incomes upon which the state may impose a tax. A state is without power to impose a tax on incomes of non-residents' derived from sources beyond the boundaries of the state. The statute in question was dealing, of course, with the incomes of residents and non-residents alike derived from property or business conducted in Arkansas. ''Aggregate net income'' as used in the statute has relation to the aggregate net income of husband and wife living together derived from property in the state or from business carried on in the state. The purpose and intent of the statute was to allow a married individual living with husband or wife a personal exemption of $2,500 from his or her aggregate net income from property or business within the state and to allow them only one exemption of $2,500 between them out of their aggregate net income derived from property or business conducted in the state whether they made joint or separate returns of their incomes to the Revenue Commissioner of the state. This statute applies to both residents and non-residents without discrimination between them, but deals only with incomes derived from property or business conducted in Arkansas and has no relation whatever to incomes derived by non-residents from sources outside of the state.

The net income of appellee's husband derived from sources outside the state of Arkansas should not have been taken into account by the commissioner of revenues in allowing her exemptions. Under the statute she was entitled to an exemption of $2,500 in plain and unambiguous language as against her net income and as her net income was less than the exemption to which she was entitled, she was not liable for an income tax.

It is true that after the difference arose between appellee and the commissioner of revenues as to the amount appellee was entitled as exemptions from income taxation the commissioner promulgated the following rule:

''Where a non-resident married individual files a return, the joint income of husband and wife, wherever

earned, must be reported to the commissioner in order that the portion of the personal exemption that the gross income within the state bears to the entire gross income, wherever earned, may be computed."

The commissioner had no right to promulgate a rule contrary to the statute, his only power being to promulgate regulations in order to facilitate his collection of income taxes not inconsistent with the law itself. This rule attempts to amend the statute and is void.

The judgment of the trial court is, therefore, affirmed.