4-8056                                          198 S. W. 2d 193

Opinion delivered December 16, 1946.

*O. T. Ward,* for appellant.

*Daily & Woods,* for appellee.

ROBINS, J. Appellant, Commissioner of Revenues of
Arkansas, made an examination of the income tax return
of appellee, an Arkansas corporation domiciled at Fort
Smith, for the year 1943, and, determining that the tax-
payer had failed to return and pay a sufficient income
tax for that year, issued a "deficiency letter," assessing
and demanding payment of the amount of tax which he
claimed had not been paid. Within thirty days there-
after appellee brought this action in the chancery court,
under authority of the provisions of the first paragraph
of § 14055, Pope's Digest, asking for review of the action

of the Revenue Commissioner in assessing the additional tax, and for cancellation of the lien for same. We upheld, in the case of *Cook* v. *Wofford*, 209 Ark. 824, 192 S. W. 2d 550, the jurisdiction of the lower court in the case. at bar.

Appellee for many years had been keeping its books and rendering its income tax return (except as to one item) on the "accrual" basis, as distinguished from the other accounting method in ordinary use, the "cash receipts and disbursements" basis. Under the method used by appellee it treated as gross income all amounts becoming due to it during the tax year, whether actually collected or not, and it classed as expense, to be deducted from the gross income to ascertain net income, every item, except one, of cost and expense accruing during the tax year, whether paid during that period or not. This one item of expense, which had not been carried into the appellee's accounting on the basis of accrual, was the amount paid for federal income tax; and up to 1943 appellee had deducted, not the federal income tax *accruing for the tax year*, but the federal income tax *paid during the tax year*, which actually accrued during the preceding year.

In 1943, appellee changed its accounting and its state income tax return for that year by deducting from gross income, in order to arrive at net income, the amount of federal income tax that *arose* from operations during 1943, instead of the amount of federal income tax that was *paid* during that year. Presumably, any right to deduction of the amount of federal income tax actually paid in 1943 has been waived. Since the amount of the federal income tax that accrued during 1943 was substantially more than that paid by appellee during that year (accruing during 1942) this change resulted in a corresponding reduction in the amount of tax shown by appellee's return. The Revenue Commissioner made the assessment against appellee to cover the amount of this reduction, and this suit resulted.

The lower court found from the testimony, in which there was no dispute, that up to 1943 appellee kept its books and made its income tax returns wholly in accordance with the "accrual" method of accounting, except that by mistake in each year it entered on its books and claimed in its return, as a deduction, the federal income tax paid in each year, instead of the federal income tax which accrued in such year, and that in 1943 "the plaintiff kept its books and made its return wholly upon the 'accrual' basis, thus conforming its books and its return to what had always been the dominating and controlling system of accounting used by it." Upon this finding the lower court decreed that the determination of the tax shown by the Commissioner's "deficiency letter" was erroneous and that appellee should be absolved from liability for the amount of the said deficiency assessment.

The Revenue Commissioner has appealed.

Authority for the collection of tax on incomes is conferred by Act 118, approved March 9, 1929, appearing as §§ 14024 to 14066, inclusive, of Pope's Digest. Some amendments to the original Act have been enacted, but none of these amendments affect the controversy herein involved. By the provisions of this law a tax, as set forth therein, is imposed on the entire income, after allowance of prescribed deductions, of every resident of the state. One of the deductions from gross income authorized by the Act (paragraph (c), § 14036, Pope's Digest) is "taxes paid or accrued within the income year, imposed by the authority of the United States . . ."

By the terms of § 14032, Pope's Digest, a taxpayer, who customarily computes his income on a basis other than that of actual cash receipts and disbursements, is authorized, with the approval of the Commissioner of Revenues, to make return of his income on the basis so used by him.

The Commissioner of Revenues is empowered by § 14058, Pope's Digest, to make, with the approval of the Governor, such rules and regulations, not inconsistent

with the law, as he may deem necessary to enforce its. provisions. In pursuance of this authority the Commissioner promulgated the following rule:

"A taxpayer who changes the method of accounting employed in keeping his books for the taxable year 1929 or thereafter should, before computing his income upon such new basis for purposes of taxation, secure the consent of the Commissioner. Application for permission to change the basis of the return shall be made at least sixty days before the close of the period to be covered by the return and shall be accompanied by a statement specifying the classes of items differently treated under the two separate systems and specifying all amounts which would be duplicated or entirely omitted as a result of the proposed change."

It is conceded that under the law a taxpayer has the right to keep his books and make his income tax return on either the "cash receipts and disbursements" basis or the "accrual" basis, but appellant argues that, when the election as to method of accounting has been made by the taxpayer, he can change neither the basis of his bookkeeping nor the allocation of any item therein without the consent of the Commissioner. Appellant's argument for reversal is thus epitomized: "When the decisions are read we think the court will be satisfied that the use of a cash item in an accrual basis does not violate the Act or any regulation, and that to change that item, in the accounting system, and in the return, the Commissioner must so authorize, and that the courts cannot substitute their discretion for his, and unless they find that the Commissioner has abused his discretion, his decision must prevail."

Many cases decided by federal courts, construing the federal income tax law and regulations made thereunder, are cited in the excellent briefs filed by counsel for both sides. We have considered these cases and do not find that any of them is controlling in the instant case. However, these decisions all recognize the principle that the taxpayer has the right to elect whether he shall keep his

books and make his income tax return on the basis of "cash receipts and disbursements" or on the basis of "accrual."

In the case at bar the taxpayer, up to 1943, used the "accrual" basis, except as to one item—that of federal income tax—and in 1943 changed its books as to that item so as to make its accounting entirely on the "accrual" basis. It is not contended that in making this change the taxpayer was guilty of fraud or evasion.

The gravamen of appellant's contention seems to be not so much that the change was wrong or resulted in a faulty system of accounting, but that appellee failed to obtain permission therefor from the Revenue Commissioner. Now, if the change had resulted in an illegal deduction, permission of the Revenue Commissioner would not have legalized it; and, if such was not the result, the Commissioner could not have properly refused his permission and his refusal would not have prevented the taxpayer from taking the deduction to which he was entitled. *State, ex rel.,* v. *Burnett,* 200 Ark. 655, 140 S. W. 2d 673.

The purpose of the law is to require the taxpayer to make a return that fairly reflects his actual net income; and, if a return accomplishes this purpose, it satisfies the law. Mr. Mertens in his recent work "Law of Federal Income Taxation," vol. 2, p. 144, discussing requisites of a proper return for federal income tax, says: "There must not be a too strict regard for insignificant errors or too slavish adherence to prescribed theories or methods. The controlling intendment of the statute must be kept in mind that a method of accounting should be followed if it substantially reflects true income." In the same volume, at page 162, this statement occurs: "In other words, the usual method of accounting employed by the taxpayer may be departed from with respect to deductions and credits, if income will be more clearly reflected by shifting the item to another year or accounting period."

Appellee did not change its method of accounting so as to create a new *basis* for taxation. It did not change from. the ''accrual'' method of keeping its books to the ''cash receipts and disbursements'' method. It merely changed one item previously entered as required under the ''cash receipts and disbursements'' system and entered this item conformably to the ''accrual'' system, which appellee had theretofore been using as to all other entries except this one. The effect of what appellee did was to make all items in its accounting system conform to the ''accrual'' basis. This correction tended to harmonize the taxpayer's scheme of accounting, and, since it did not violate any statutory provision, and, since there is no intimation of any attempt by appellee to evade fraudulently a tax liability, we conclude that the lower court properly upheld the right of appellee to make the change.

The decree of the lower court is accordingly affirmed.