677 S.W.2d 293 (1984)
283 Ark. 367
ARKANSAS STATE NURSES ASSOCIATION, Appellant,
v.
ARKANSAS STATE MEDICAL BOARD, Appellee.
No. 84-62.
Supreme Court of Arkansas.
October 15, 1984.
*294 John M. Bilheimer, Little Rock, for appellant.
Cearley, Mitchell & Roachell, Little Rock, for appellee.
GEORGE ROSE SMITH, Justice.
This suit for a declaratory judgment was brought against the State Medical Board by the Arkansas State Nurses Association, a professional association whose membership includes about 100 "registered nurse practitioners," a branch of the nursing profession created by Act 613 of 1979. Ark. Stat.Ann. §§ 72-746(e) and 72-754(f) (Repl. 1979). The suit seeks to invalidate the Medical Board's Regulation 10, as an unauthorized and illegal attempt to regulate registered nurse practitioners. This appeal from the circuit court's declaratory judgment upholding the Medical Board's regulation comes to the Supreme Court under Rule 29 (1) (c).
Ever since the passage of Act 128 of 1913 registered nurses have been licensed and regulated by law in Arkansas. Act 613, cited above, created a new class of nurses, registered nurse practitioners, consisting of registered nurses who have gone a step farther by taking postgraduate courses in an accredited school of nursing and by being licensed as registered nurse practitioners by the State Board of Nursing. Under the 1979 act nurse practitioners are authorized to engage in the usual practices of registered nurses and also, under the direction of a licensed physician, to engage in other activities specified by the State Board of Nursing.
The Medical Board's Regulation 10, now challenged, provides that whenever a physician employs an R.N.P. the physician must file prescribed forms with the Medical Board setting forth his own professional qualifications and experience in addition to *295 those of the R.N.P., describing how the R.N.P.'s services are to be utilized, and listing all other physicians to whom the R.N.P. will be responsible in the absence of the employing physician. The following paragraphs in Regulation 10 are critical to this dispute:
(3) No physician licensed to practice medicine in the State of Arkansas shall employ more than two (2) licensed Registered Nurse Practitioners at any one time; nor shall such physician assume responsibility for collaborating with or directing the activities of more than two (2) Registered Nurse Practitioners at any one time.
(6) Violation of this regulation shall constitute "malpractice" within the meaning of the Arkansas State Medical Practices Act and shall subject the violator to all penalties provided therein.
Paragraph (4) of the regulation provides that an exemption from the restriction to two R.N.P.'s may be granted to a physician in case of undue hardship, after a hearing, but no such exemptions had been sought when this case was heard below.
We find the regulation to be invalid insofar as it restricts the number of R.N. P.'s that may be employed by a physician or a group of physicians and declares that a violation of the restriction is malpractice. The legislature has not even attempted to delegate to the State Medical Board the authority to define punishable malpractice. Quite the contrary, the legislature specified in the Medical Practices Act the sixteen instances of unprofessional conduct for which a physician's license to practice medicine may be revoked or suspended. Ark. Stat.Ann. §§ 72-613 and -614. The matter of hiring too many R.N.P.'s does not fall within the malpractice statute by even the most liberal construction of its language. The Medical Board had no authority to create a non-statutory basis for the revocation of a physician's license.
In the second place, Regulation 10 is arbitrary on its face, so clearly so that testimony about its purpose or effects could not change or justify the plain meaning of its language. The matter of arbitrariness is not specifically argued in the appellant's brief, but when the general public's interest is being represented by one party in a class action such as this one, we do not permit the party to waive any point that should be considered. See Parker v. Laws, 249 Ark. 632, 460 S.W.2d 337 (1970). This is necessarily the rule, for otherwise the public's right to raise other defects in the statute or regulation might be foreclosed by the doctrine of res judicata. McCarroll v. Farrar, 199 Ark. 320, 134 S.W.2d 561 (1939). If there were any possibility that further testimony might establish the validity of Regulation 10, we would remand the case for additional proof, as is our practice. Ark. Motor Vehicle Commn. v. Cliff Peck Chevrolet, 277 Ark. 185, 640 S.W.2d 453 (1982). Here the language of the regulation is so exact that we can conceive no such possibility.
The Nurses Association argues that the purpose of the regulation is to restrict the number of R.N.P.'s that may be licensed. In response, Dr. Verser, a member of the Medical Board for 32 years and its secretary for 30, testified that the Board was not attempting to limit the number of R.N. P.'s only to see that they are adequately supervised. Without the regulation, he said a doctor might hire 20 R.N.P.'s in different areas of a city and let them do the practice while he was on the golf course.
We are not persuaded by the Medical Board's protestations. As for a doctor's neglecting his patients to go play golf, the Board already has specific authority to discipline a physician for "grossly negligent or ignorant malpractice." § 72-613(g). Moreover, if one doctor can adequately and effectively supervise two nurse practitioners, it is not reasonable to suppose that a group of ten doctors cannot supervise more than two equally well. The reality is that at a time when there is a need for additional medical care in some parts of the state, the effect of Regulation 10 would be to discourage registered nurses from becoming nurse practitioners, for the regulation would undeniably limit the *296 number of jobs available to them. In a closely analogous case, the 1977 legislature created a classification called "physician's trained assistants," who were described by Dr. Verser as performing essentially the same functions as nurse practitioners. In the 1977 act creating physician's assistants the legislature prohibited any one physician from employing more than two such assistants, but that limitation was not extended to groups of two or more physicians practicing together, as Regulation 10 seeks to do. §§ 72-2001 and -2014. We are not convinced that the Medical Board has the authority to adopt a restriction which the legislature did not adopt in a similar situation.
Reversed.
HOLLINGSWORTH, J., not participating.
HICKMAN, J., and JULIAN B. FOGLEMAN, Special Justice, dissent.
HICKMAN, Justice, dissenting.
I welcome the majority's approach to the appeal and hope it will become a consistent one in taxpayers' suits and public interest cases. But I join the dissent.
There was nothing arbitrary, in the legal sense, in the Arkansas State Medical Board limiting the number of registered nurse practitioners that will be allowed to work under the direction of a physician. After all, it is the physician that will be held accountable and responsible for the actions of the nurse.
While the goal of increasing the availability of medical care is an admirable one, we have to look to those ultimately held accountable for that care. That is, of course, the physicians, who are regulated by the Arkansas State Medical Board, a board directly responsible to the legislature and the people for the quality of medical care in Arkansas. When the finger of malpractice is pointed, it is ultimately directed to the physician, the one in charge, the one responsible. It is reasonable for the board to limit the number of nurses any physician can reasonably supervise.
One result of the majority decision will be the possibility of medical factories that seek not to serve but to make money. The medical board sought to prevent just such an occurrence, as it should have.
JULIAN B. FOGLEMAN, Special Justice, dissenting.
Appellant's suit filed in the Circuit Court and its Brief on appeal asked that Regulation 10 of the Arkansas State Medical Board be declared void and unenforceable based only on the argument that the Regulation is invalid as beyond the powers of the Medical Board and its adoption was an invasion of powers granted the Arkansas State Board of Nursing. It argues that the Regulation is actually a regulation of the practice of nursing and is beyond the powers of the Medical Board because the Legislature has committed all regulation of nurse practitioners to the Nursing Board.
Nothing in appellant's pleadings, in the evidence offered or in its Brief, even suggests a challenge to the validity of Regulation 10 because paragraph six (6) declares violation of the Regulation to constitute malpractice within the meaning of the Medical Practices Act, nor because the Regulation is arbitrary.
I do not agree that this Court should, on its own initiative, declare Regulation 10 invalid upon bases which were not raised in the trial court and were not addressed nor argued in the briefs. If appellant had advanced these arguments in its appeal brief (after failing to plead them in the trial court), we undoubtedly would have held them inappropriate because an issue cannot be raised for the first time upon appeal.
The majority may be correct in holding that the Medical Board lacks authority to define punishable malpractice, but inclusion of paragraph (6) should not be found to invalidate the regulations contained in the other paragraphs because of that paragraph. Aside from the fact that this argument is not properly before us, paragraph (6) of the Regulations does not create a non-statutory basis for revocation of a physician's *297 license, because it only provides "that violation ... shall subject the violator to all penalties provided" in the Medical Practices Act and, while that Act does provide for revocation (or suspension) of a physician's license upon hearing and a finding that the physician has committed any of the offenses described in the Medical Practices Act (Ark.Stat.Ann. Sections 72-613 and 72-614), that Act in subsection (g) only permits such revocation for "grossly negligent or ignorant malpractice." There is nothing in the Regulation which would permit revocation of a license unless the Medical Board should find, in a hearing as required by Section 72-614, that the violation of Regulation 10 did, in fact, constitute "grossly negligent or ignorant malpractice."
I respectfully disagree with the conclusion of the majority that Regulation 10 is arbitrary on its face.
It seems obvious that the number of Registered Nurse Practitioners who could properly be directed by a licensed physician and the number with whom he could properly collaborate must be subject to some reasonable limitation, and determination of that appropriate number is properly the subject of the authority of the State Medical Board. The majority of the Court seems to hold that the limitation of two nurse practitioners for employment, collaboration or direction by one physician makes the regulation arbitrary on its face, apparently concluding that this restricts a group of physicians to the same numerical limitation.
While the evidence before the trial court did not exhaustively cover the question of whether the limitation of two (2) Registered Nurse Practitioners which a physician might employ, collaborate with or direct the activities of, was a reasonable or unreasonable number, or the pros and cons of any other particular numerical limitation, the transcript reflects that a hearing was held by the State Medical Board prior to its adoption of Regulation 10 and witnesses who had used nurse practitioners were heard at the public hearing. Undoubtedly, appellee did not more fully pursue nor more zealously attempt to establish that the limitation contained in its Regulation was not unreasonable or arbitrary, because the litigation in which it became involved when appellant brought its action against the Medical Board to challenge Regulation 10 did not raise such an issue, nor in any way suggest that it should be addressed.
Further, weighing against the conclusion that the regulation is arbitrary on its face are the provisions of Sections (4) and (5) of Regulation 10, which permit the Board to grant exemptions from the restriction on employment of no more than two (2) Registered Nurse Practitioners, upon application showing enforcement of the restriction would cause undue hardship. I do not agree that Regulation 10 restricts a group composed of a number of physicians to the employment of only two (2) nurse practitioners and am not aware of anything in the record to justify such a conclusion. However, if that conclusion is correct and, if as suggested by the majority opinion, a group of ten doctors can properly supervise more than two (2) nurse practitioners, the restriction of that group to the limit of two may well result in an undue hardship and, upon application and a showing of such hardship, the group could receive an exemption from that limitation, with appropriate terms and conditions upon such exemption as are necessary to protect the public health, safety and welfare.
Regulation 10 may or may not be arbitrary in fixing the limitation of two (2) as the number of licensed Registered Nurse Practitioners which a licensed physician may employ or for which he may assume the responsibility of collaboration or direction, but such a determination by this Court should only be made after a trial and hearing where that issue is properly before the trial court and evidence on that issue is presented. We should not hold the regulation invalid on a finding that it is arbitrary without that issue having been raised in the trial court and brought before us by the record in brief and argument.
*298 To strike Regulation 10 as invalid on the bases suggested by the majority, upon the record and briefs before us, is almost as if appellant had filed a pleading challenging the regulation as invalid, without stating any basis and without presenting any evidence nor argument for its challenge and requested that the trial court (and this Court) find some basis for declaring it invalid. A finding of invalidity should not be pronounced by this Court unless the challenge to validity reaches the Court on pleadings, evidence, briefs and arguments that assert a basis for invalidity. To say that we do not permit a party to waive any point that should be considered when the general public's interest is being represented by one party in a class action should not permit us to search out and find a basis for invalidity not suggested in the record of proceedings in the trial court nor argued in the briefs before us and which has not been presented as a basis for our decision.
By the terms of Act 613, Registered Nurse Practitioners may be licensed under rules and regulations promulgated by the State Board of Nursing and the Registered Nurse Practitioner is authorized to engage in activities recognized by the nursing profession and specified in the Arkansas State Board of Nursing rules and regulations relating to Registered Nurse Practitioners.
Appellant argues that Act 613, by authorizing the State Board of Nursing to promulgate these rules and regulations, committed all regulation and all licensing of nurse practitioners to the Nursing Board.
It is agreed that the State Board of Nursing is the only agency given authority to adopt rules and regulations concerning licensing of Registered Nurse Practitioners and activities in which these nurse practitioners may engage subject, however, to the restrictions set forth in the terms of the act, but nothing in the act states that any and all regulations affecting these practitioners in some way, may only be adopted by the Board of Nursing.
When Registered Nurse Practitioners are licensed and those activities in which they may engage are specified under Nursing Board rules and regulations, they are, under the terms of Act 613, "authorized to deliver health care in collaboration with a licensed physician" and "under direction of a licensed physician .. and authorized to engage in activities ... specified."
The act thus limits the use of these skilled health care professionals and permits them to act in their expanded area of services only "in collaboration with" and "under the direction of" a licensed physician. This necessarily places their authorized services and activities in delivery of health care within the area of the practice of medicine. Appellee, Arkansas State Medical Board, is given authority to promulgate rules and regulations as are necessary to carry out the purposes and intentions of the Medical Practices Act (Ark.Stat. Sections 72-601 through 72-623; 72-618).
Rules and regulations concerning performance standards of licensed physicians, the practice of medicine by them and delivery of health care under their direction, are within the authority of the State Medical Board in carrying out the purposes of the Medical Practices Act.
Regulation 10 is a regulation of licensed physicians. Act 613 requires the Registered Nurse Practitioner to perform services permitted by its terms only in collaboration with and under direction of a licensed physician. The fact that Regulation 10 deals with the employment by licensed physicians of Registered Nurse Practitioners (whose licensing and permitted activities are subject to rules and regulations of a different State Board) and limits the number of those practitioners for whom a licensed physician may assume responsibility for collaboration or directing activities, does not make this a regulation of the collaborating or directed professional and certainly does not invade the authority of the Nursing Board to regulate and control their licensing or to specify the activities in which they may engage.
Since the licensed physician is made indispensable in the performance of the authorized *299 services and activities of the Registered Nurse Practitionerthat person without whose collaboration and direction these licensed professionals may not act as suchthe manner of use of the services authorized necessarily is directly related to the quality of medical practice and logically makes their employment by licensed physicians subject to State Medical Board regulation.
Argument is made that since the General Assembly in enacting Act 459 of 1977 (Ark. Stats. Sections 72-2001 through 72-2017) (which authorizes qualification and registration of a "physician's trained assistant") specifically prohibited a physician from employing more than two physician's trained assistants (Ark.Stat. Section 72-2014) and did not in any manner restrict the number of Registered Nurse Practitioners which a physician might employ in Act 613, the legislature did not intend that such a prohibition (or restriction) apply to the nurse practitioners and, therefore, the restriction cannot be established by regulation.
While the General Assembly undoubtedly has the authority to restrict the number of nurse practitioners which a physician would be permitted to employ, the fact that it elected not to do so, in enacting Act 613, does not establish the legislative intent that no limit should be placed on such employment. It might be argued with equal force that the failure to place a limit on the number of nurse practitioners which might be employed by a licensed physician shows the legislature felt such restriction was better left to reasonable regulation by the Board authorized to carry out the purposes of the Medical Practices Act.
We should not decide this appeal and make a final determination of the validity of Regulation 10 upon bases which were not included in the pleadings, covered by the evidence, nor submitted to us in the briefs filed.
On the basis of the records before us and the issues as presented and argued by appellant, the judgment of the trial court should be affirmed. If Regulation 10 is of such significance to the interest of the general public that it demands resolution for the proper protection of that interest, the decision of this Court, based upon the record and evidence before it, would not preclude further challenges on the issue of the validity of the regulation on the grounds suggested by the majority opinion or other appropriate grounds, but a determination based on such grounds should only be made when those issues are properly presented as issues before the trial court where the parties have the opportunity to present evidence and argument relating to the issue and to answer those contentions so that the issue is properly before us upon appeal to this Court.
On the basis of the record before us and on the issues presented, I would affirm the judgment of the lower court, based upon my finding that the subject matter of Regulation 10 is within the rule making authority of the Arkansas State Medical Board and that adoption of the regulation does not constitute an invasion of authority of the Arkansas State Nursing Board.