Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, [AR] 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion regarding the Arkansas Public Employees Retirement System Board of Trustees' authority to adopt the following policy:
 Subject to a favorable Attorney General's opinion, for purposes of computing retirement benefits, an employee who suffered from a work related injury for which benefits were paid under Workers Compensation laws shall be entitled to obtain credited service or full compensation credit for the actual time period reduced salary by paying into the System the amount of money both he and the employer would have contributed on his behalf plus interest at the rate of 6% per annum calculated from the date the contributions would have been made until the date he makes payment to the System.
The language of this proposed policy is similar to language appearing in Section 1 of Act 17 of the First Extraordinary session of 1987 wherein it is stated:
 Any member of the Arkansas Public Employees' Retirement System who qualifies by meeting all the requirements of this section to retire under the early retirement incentives in this section by January 1, 1988, and who suffered from a work-related injury for which benefits were paid under compensation laws after July 1, 1986, and before October 1, 1986, and whose final annuity would otherwise be reduced due to the reduced salary and lost credited service, shall be entitled to obtain credited service for the actual time period of reduced salary by paying to the system prior to December 31, 1987, the amount of money both he and his employer would have contributed on his behalf plus interest at the rate of six percent (6%) per annum calculated from the date the contributions would have been made until the date he makes payment to the system.
A.C.A. 24-3-217(b)(4) (Supp. 1987)
While the language of the proposed policy and the legislative enactment is similar, the policy would provide for "full compensation credit," not just "credited service," as its provisions extend to "an employee" and are therefore not limited to those who retire under the early retirement incentives.
The powers and duties of the Board of Trustees ("Board") are set forth in A.C.A. 24-4-105. The Board shall, inter alia, "(m)ake all rules and regulations as it shall deem necessary from time to time . . . in administering the system," and it shall "(d)o any and all things necessary for the proper administration of the system and for carrying out and making effective the provisions of this act." A.C.A. 24-4-105(b)(1) and (7). The question, therefore, is whether adoption of the foregoing policy falls within and is consistent with these statutory powers and duties.
It is my opinion that the answer to this question is no, in that it may be successfully contended that the Board has exceeded its authority to administer the Retirement System in this instance and has, instead, assumed a legislative function. Such action is contrary to the "separation of powers" doctrine embodied in Article 4, Section 2 of the Constitution of Arkansas. While it is clear that the Board has the authority to, in the words of the Arkansas Supreme Court, "determine facts upon which the law makes or intends to make its own action depend" (McArthur v. Smallwood,225 Ark. 328, 331, 281 S.W.2d 428 (1955)), it is equally well-established that administrative agencies cannot legislate. As stated by one federal court with respect to an act of Congress, "(w)here administrative regulations go beyond any legitimate interpretation of a statute they must fall so that the true Congressional intent may be vindicated." United States v. Woerfel Corporation, 337 F. Supp. 892, 895 (E.D.Ark. 1972). See also State v. Burnett, 200 Ark. 655, 659, 140 S.W.2d 673 (1940).
It must be concluded in this instance that the legislature has expressed its intent under 24-3-217(b)(4) (Supp. 1987) for the benefits described therein to be made available to "(a)ny member of the Arkansas Public Employees' Retirement System who qualifies by meeting all the requirements of this section to retire under the early retirement incentives." The Board's proposed policy exhibits a significant departure from this legislation. A court would in all likelihood characterize the policy as an amendment to the legislative act, and not merely a reasonable interpretation thereof. The Board's authority does not extend to such matters.
It must therefore be concluded, in response to your specific question, that the Board of Trustees does not have the statutory authority to adopt this policy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.