Mr. J.H. Burnside, Director Arkansas Motor Vehicle Commission 1515 West Seventh Street, Suite 300 Little Rock, AR 72201
Dear Mr. Burnside:
This is in response to your request for an opinion on whether the Commission has the authority under A.C.A. 23-112-101 et seq. to promulgate Section 30 of Regulation 1, which permits sales of automobiles at trade shows. You note that such shows are not held at locations licensed under the statute.
It is my opinion that to the extent Section 30 of Regulation 1 is construed to allow sales at trade shows by licensed "motor vehicle dealers," as opposed to "motor vehicle lessors," the Commission has acted within the scope of its authority.
Regulation 1, 30 provides:
 OFF PREMISES SALES: Such sales are strictly prohibited unless in conjunction with Auto Trade Shows.
To be properly promulgated, the regulation must be within the Commission's authority, (Urie v. Thompson, 337 U.S. 163 (1948)), and must not be contrary to the statutes. State ex rel. Attorney General v. Burnett, 200 Ark. 655, 140 S.W.2d 673 (1940). Initial consideration must be given the Commission's 23-112-204, and provides parity which is found at A.C.A.
The commission shall have power to prescribe, issue, amend, and rescind pursuant to 25-15-201 et seq., [the Administrative Procedure Act] such reasonable rules and regulations as may be reasonably necessary or appropriate to carry out the provisions of this chapter.
It can thus be seen that the Commission is empowered to adopt rules "appropriate" to carry out Chapter 112 of Title 23. It is my opinion that 30 is "appropriate" to carry out these provisions, most notably to "[p]romote and keep alive a sound system of distribution of motor vehicles to the public." A.C.A.23-112-102(b)(8).
In addition to the fact that the regulation must be "appropriate" to carry out the provisions of the chapter, it cannot be contrary to any of them. On this point, four provisions of Chapter 112 require discussion. The first is A.C.A. 23-112-301(a)(1) and (2) which provide:
 (a)(1) It shall be unlawful for any person to engage in business as, or serve in the capacity of, or act as a motor vehicle lessor, manufacturer, distributor, wholesaler, factory branch division, factory representative, or distributor representative, as such, in this state without first obtaining a license therefore as provided in this chapter, regardless of whether or not the person maintains or has a place of business in this state.
 (2) Any person, firm, association, corporation, or trust engaging, acting, or serving in more than one (1) of these capacities or having more than one (1) place where such business is carried on or conducted shall be required to obtain and hold a current license for each capacity and place of business.
Although this provision operates to require motor vehicle dealers to obtain separate licenses for each "place of business," it is my opinion that activity at an "auto trade show" does not fall within the language "having more than one place where such business is carried on." See 23-112-301(a)(2), supra. It is true that the dealer is now permitted by Regulation 30, 1, to sell at such shows. It is my opinion, however, that he does not "have" a "place of business" there within the meaning of the statute so as to require licensure.
The second provision which requires discussion is A.C.A.23-112-304(a) which provides:
The license issued to each motor vehicle dealer, manufacturer, distributor, wholesaler, factory branch or division, or distributor branch or division shall specify the location of the factory, office, branch or division thereof.
This provision simply operates to require the location of the dealership on the license. It does not on its face prohibit dealer sales from unlicensed locations, which brings us to the final two statutes requiring discussion. The legislature has seen fit in at least two instances, (23-112-302(a)(3)(D), and23-112-404(3)), to prohibit sales from unlicensed locations by "motor vehicle lessors." There can be no dispute about this. "Motor vehicle lessors" are expressly forbidden by the statutes from selling at unlicensed locations. There appears to be, however, no similar express prohibition against all such activity by "dealers".[1] If the legislature had intended to enact a flat prohibition on unlicensed location sales by "dealers", it could easily have expressed that intent. It has not done so. It is my opinion that the doctrine of "expressio unius est exclusio alterius" is applicable to the facts at hand, and that by clearly prohibiting such sales by lessors, the legislature intended not to adopt a flat prohibition on such sales by dealers.
I to not opine today that any unlicensed location sales by dealers are authorized by the statutes. Motor vehicle dealers must comply with all of the licensure requirements of the act, and obtain separate licenses for each place of business' they maintain. Whether a particular locality is a "place of business" is a factual determination to be made in the first instance by the Commission. I opine today only that motor vehicle dealers, as permitted by Regulation 1, 30, may be allowed to conduct such sales at auto trade shows without violating any provision of A.C.A. 23-111-101 et seq. Any attempt, however, to interpret Regulation 1, 30 so as to allow off-premises sales at auto trade shows by individuals or entities who are only "motor vehicle lessors" would be in clear violation of the statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana Cunningham.
[1] The only exception to this is found in Regulation 1, 30 which limits off premise sales by dealers to auto trade shows.