The Honorable Bob Watts State Representative Rt. 1, Box 125 Harrison, Arkansas 72601
Dear Representative Watts:
This is in response to your request for an opinion regarding an apparent conflict between Act 672 of 1989 and Regulation 5.24 of the Alcoholic Beverage Control Division ("ABC"). Specifically, you have attached correspondence to your request which indicates that a particular local country club is faced with the dilemma as to whether their bylaws should allow absent members to vote by proxy at meetings as contemplated by the 1989 amendment to the nonprofit corporation act (Act 672 of 1989), or whether absent members should only be allowed to vote in person or by mailed ballot as contemplated by ABC regulation 5.24.
It is my opinion that the ABC regulation is, in all likelihood, contrary to state law after the passage of Act 672 of 1989, and is therefore invalid as to nonprofit corporations. Seegenerally State ex rel. Atty. General v. Burnett,200 Ark. 655, 140 S.W.2d 673 (1940). Nonprofit corporations, even if licensed by the ABC, are allowed to vote by proxy.
The "Arkansas Nonprofit Corporation Act," codified at A.C.A. §4-28-201—224, prior to the adoption of Act 672 of 1989, did not provide for proxy voting. The 1989 legislature amended the act to state:
 In all matters as may be subject to the vote of the members, a member may vote in person or by proxy, unless the articles of incorporation or bylaws require such votes to be cast in person at a meeting of the membership held for such purposes.
A.C.A. § 4-28-212(c).
The relevant ABC regulation, which was in effect prior to adoption of the 1989 act, provides as follows:
 Voting by Proxy Not Allowed. All voting by the club membership, the governing body of the club or any other organization, committee or subcommittee of the club in respect to any matter shall be by the individual member in person or by mailed ballot.
Alcoholic Beverage Control Division Regulation No. 5.24.
The attorney for the country club contends, in correspondence attached to your request, that the 1989 act has superseded this regulation, and now non-profit corporations licensed by the ABC should be allowed, pursuant to the statute, to vote by proxy. I agree. The 1989 amendment to the Nonprofit Corporation Act allows nonprofits the option of proxy voting. The ABC regulation does not. It can thus fairly be said that Regulation 5.24 is now contrary to state law, and is therefore invalid as to nonprofit corporations.
Another relevant provision of the "Arkansas Nonprofit Corporation Act," however, is A.C.A. § 4-28-217, which was unamended by the 1989 act and provides as follows:
 (a) If any nonprofit corporation established under [the act] engages in any activity controlled or regulated by any officer, agency, or department of this state, the activity shall be conducted in compliance with the laws and such rules and regulations as may be promulgated by the officer, agency, or department.
It is my opinion that, despite the language of this provision, the ABC does not have authority to enforce against a nonprofit corporation a regulation contrary to a statute of this state.
It is thus my opinion that private nonprofit county clubs licensed by the ABC do not have to comply with Regulation 5.24, and may vote by proxy.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh