Ms. Linda C. Murphey, R.N., M.N. Executive Director Arkansas State Board of Nursing University Tower Building, Suite 800 1123 South University Little Rock, Arkansas 72204
Dear Ms. Murphey:
This is in response to your request for an opinion on the following question:
 Is it within the Board's authority to grant prescriptive authority to Registered Nurse Practitioners by the rules and regulations which govern their practice rather than through an amendment to the Nurse Practice Act (A.C.A. § 17-86-101 et seq.)?
It is my opinion that the answer to your question is "no."
Act 613 of 1979 created a "new class of nurses, registered nurse practitioners, consisting of registered nurses who have gone a step farther by taking postgraduate courses in an accredited school of nursing and by being licensed as registered nurse practitioners by the State Board of Nursing. Under the 1979 act nurse practitioners are authorized to engage in the usual practices of registered nurses and also, under the direction of a licensed physician, to engage in other activities specified by the State Board of Nursing." Arkansas State Nurses Associationv. Arkansas State Medical Board, 283 Ark. 366, 677 S.W.2d 293
(1984).
The statutory definition of a "registered nurse practitioner" is found at A.C.A. § 17-86-102(2)(B), and provides that:
 A `registered nurse practitioner' is a registered nurse licensed in this state, who has been authorized by the State Board of Nursing to deliver health care in collaboration with a licensed physician. Registered nurse practitioners under the direction of a licensed physician shall be authorized to engage in activities recognized by the nursing profession and as specified in the Arkansas State Board of Nursing rules and regulations relating to registered nurse practitioners.
"Registered nurse practitioners" are thus authorized, in collaboration with and under the direction of licensed physicians, to engage in activities "recognized by the nursing profession" and as specified by rules and regulations of the State Board. Your question is whether the Board may, by regulation, invest these nurses with "prescriptive authority."
Even if the authority to prescribe drugs was considered to be a power "recognized by the nursing profession," a regulation of the State Board of Nursing giving registered nurse practitioners the authority to prescribe drugs would, in my opinion, be outside the scope of the "Nurse Practice Act" and contrary to statutes regulating the distribution of "controlled substances," or legend, or narcotic drugs.[1]
The Arkansas State Board of Nursing has the power to promulgate "whatever regulations it deems necessary for the implementation of [the "Nurse Practice Act."] A.C.A. § 17-86-203(1). Such regulations, of course, cannot be contrary to statute.[2]See State ex rel. Attorney General v. Burnett, 200 Ark. 655,140 S.W.2d 673 (1940).
The "Nurse Practice Act" as you refer to it, includes "registered nurse practitioners" as a subdivision under the definition of the "practice of professional nursing." The "practice of professional nursing is defined as including the administration of medications and treatments as prescribed by a licensed physician ordentist. . . ." The "Nurse Practice Act" itself, therefore, contemplates that professional nurses, including registered nurse practitioners, may administer medications only as "prescribed by a licensed physician or dentist. . . ."
Other statutes would appear to bear out this conclusion. In this regard A.C.A. § 20-64-207 (a part of the "Uniform Narcotic Drug Act") restricts to physicians, dentists and veterinarians the authority to prescribe "narcotic drugs". "Narcotic drugs are those defined as such by the Arkansas Department of Health. See
A.C.A. § 20-64-201(11).
Additionally, the "Uniform Controlled Substances Act" at A.C.A. §5-64-308(1987) states that no drugs included in Schedule II[3] may be dispensed without a written prescription of a "practitioner."[4] Drugs included in Schedules III or IV, which are prescription drugs, shall not be dispensed without a written or oral prescription of a "practitioner." The act defines a "practitioner" as "a physician, dentist, veterinarian, scientific investigator, or other person licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to, or to administer a controlled substance in the course of professional practice or research in this state."
The term "practitioner" is also defined in the "Arkansas Drug Abuse Control Act" at A.C.A. § 20-64-301 as "a physician, dentist, veterinarian, or other person licensed in this state to prescribe or administer drugs which are subject to this chapter." Finally, the term "prescription" is defined as "an order for medicine or medicines usually written as a formula by a physician, dentist, veterinarian, or other licensed medicinal practitioner." A.C.A. 17-91-101 (13).
Although the last three statutes above appear to beg the question of which medical "practitioners" are authorized to prescribe drugs, it is my opinion, that all of the statutes cited above, taken together, prohibit the enactment of an administrative regulation authorizing registered nurse practitioners to prescribe legend drugs. See also generally, Arkansas StateMedical Board v. Grimmett, 250 Ark. 1, 463 S.W.2d 662 (1971) (nurses not authorized to prescribe medications). In my opinion this authority must be granted by statute.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A "controlled substance" is a drug, substance, or immediate precursor in Schedules I through VI. A.C.A. § 5-64-101(d). A "legend" drug is a drug requiring a prescription. See Op. Att'y Gen. 91-327, A.C.A. § 20-64-503(4), and Arkansas State Board ofPharmacy v. Patrick, 243 Ark. 967, 423 S.W.2d 265 (1968) at n. 2. "Narcotic drugs" are those defined as such by the Arkansas Department of Health. See infra at 3.
[2] It should be noted from the outset that although the federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301-392), regulates many areas regarding prescription drugs, it leaves to "state law" the responsibility of defining the "practitioners" who may dispense drugs. See 21 U.S.C. § 353 (b) and Winogradv. Johnson, 38 Colo. App. 432, 561 P.2d 1274 (1976).
[3] "Schedules I through V, . . . are not codified as they are governed by administrative regulation and are revised and republished annually by the Director of the Arkansas Department of Health or his authorized agent." See Publisher's Notes to A.C.A. §§ 5-64-301—308.
[4] Schedule II drugs may be dispensed upon an oral prescription in emergency situations. A.C.A. § 5-64-308 (b).