The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion on behalf of the Joint Interim Committee of Public Health, Welfare, and Labor concerning the authority of the State Medical Board to regulate the practice of registered nurse practitioners ("R.N.P.'s").
As you have noted, registered nurse practitioners in Arkansas are licensed under the authority of the Arkansas State Board of Nursing. See A.C.A. §§ 17-86-101 and 17-86-303 (Repl. 1992). Section 17-86-102(2)(B) defines a "registered nurse practitioner" as a nurse who delivers health care "in collaboration with" and who works "under the direction" of a licensed physician.
You state that the Arkansas State Medical Board has recently adopted a regulation regarding nurse practitioner registration and supervision. See Arkansas State Medical Board Regulation No. 15. The regulation limits to two the number of nurse practitioners that a physician may supervise or utilize without permission or exemption by the Board. See §§ 3 and 4 of Regulation 15.
Your questions pursuant to this regulation are set out below and answered in the order posed:
 1. May the State Medical Board regulate the practice of nursing by nurse practitioners in Arkansas?
 2. May the State Medical Board use its powers to regulate the practice of medicine in this State to impose limitations or restrictions on the State Health Department in the use of nurse practitioners employed in public health programs. Specifically, may the State Medical Board lawfully promulgate regulations restricting the number of nurse practitioners who may be under supervision or direction of licensed physicians employed as county health officers, or who are employed under contract with the State Health Department to provide medical services and advice to nurse practitioners employed by the Health Department in public health programs in this State?
 3. Does State Medical Board Regulation No. 15 limiting the number of nurse practitioners who may be supervised by a licensed physician unlawfully discriminate or limit the employment opportunities of nurse practitioners who are also authorized to perform the duties of a registered nurse?
It must be noted initially that each of these issues was addressed previously in Op. Att'y Gen. 80-148, a copy of which is enclosed. This opinion concluded, with regard to your first question, that it is the State Board of Nursing, rather than the State Medical Board, which is authorized to regulate the practice of nursing by registered nurse practitioners. With regard to your second question, Opinion 80-148 concluded that if the limitations in the proposed regulation amount to a regulation of nurse practitioners by the State Medical Board such that the limitation directly or indirectly affects the rights of nurse practitioners to practice in accordance with the rules and regulations of the State Nursing Board, the regulation would likely go beyond the powers of the Medical Board as authorized by state statutes. And with regard to your third question, the opinion concluded that a requirement which limits the number of nurse practitioners that could be employed by or supervised by a physician could impact on the mobility and employment opportunities of nurse practitioners and thus would have a direct effect on the rights of such nurse practitioners. Because such a requirement would, accordingly, involve the regulation of nurse practitioners by the State Medical Board, it would be beyond the authority of the Medical Board as authorized by law.
After Opinion 80-148 was issued, the Arkansas Supreme Court had occasion to address the issue of the validity of a regulation by the State Medical Board which attempted to regulate registered nurse practitioners in a similar manner as does the regulation about which you have inquired. See Arkansas State NursesAssociation v. Arkansas State Medical Board, 283 Ark. 366,677 S.W.2d 293 (1984). In that case, the Court held that such a regulation pertaining to nurse practitioners was outside the scope of authority of the Medical Board. Because this issue has been squarely resolved, in my opinion, by the Arkansas Supreme Court, I must conclude that Opinion 80-148 was correct as issued and I therefore reaffirm each of the answers as set out therein.
It is my opinion, accordingly, that the answer to your first question is "no."
In Arkansas State Nurses Association v. Arkansas State MedicalBoard, supra, suit was brought against the State Medical Board by the Arkansas State Nurses Association (a professional association whose membership included about 100 registered nurse practitioners) seeking to invalidate a regulation of the Medical Board as an unauthorized and illegal attempt to regulate registered nurse practitioners. The regulation provided that whenever a physician employed an R.N.P., the physician must file prescribed forms with the Medical Board setting forth his own professional qualifications and experience in addition to those of the R.N.P., describing how the R.N.P.'s services were to be utilized, and listing all other physicians to whom the R.N.P. would be responsible in the absence of the employing physician. The regulation also limited to two the number of registered nurse practitioners that a physician could employ, assume responsibility for or direct the activities of at any one time. An exemption to the restriction to two R.N.P's was allowed for in cases of undue hardship, and violation of the restriction constituted malpractice.
The Court held the regulation invalid insofar as it restricted the number of R.N.P.'s that could be employed by a physician, finding that the legislature had not delegated to the State Medical Board the authority to define punishable malpractice. The Court stated that:
 . . . The legislature specified in the Medical Practices Act the sixteen instances of unprofessional conduct for which a physician's license to practice medicine may be revoked or suspended. [A.C.A. § 17-93-409.] The matter of hiring too many R.N.P.'s does not fall within the malpractice statute by even the most liberal construction of its language. The Medical Board had no authority to create a non-statutory basis for the revocation of a physician's license.
Arkansas State Nurses Association v. Arkansas State MedicalBoard, 283 Ark. at 368.
The Court also found that the regulation was arbitrary in that it limited to two the number of R.N.P.'s that could be supervised by a physician. The Nurses Association argued that the purpose of the regulation was to restrict the number of R.N.P.'s who could be licensed. The Court discounted the counterargument of the Medical Board that it was not attempting to limit the number of R.N.P.'s, but was only attempting to assure that the R.N.P.'s were adequately supervised. "The reality is that at a time when there is a need for additional medical care in some parts of the state, the effect of [the regulation] would be to discourage registered nurses from becoming nurse practitioners, for the regulation would undeniably limit the number of jobs available to them." Id. at 369.
You have attached to your request a copy of the Medical Board's Regulation No. 15, which states in pertinent part that:
 3. No physician licensed to practice medicine in the State of Arkansas shall employ or supervise or utilized more than two (2) licensed Registered Nurse Practitioners at any one time; nor shall such physician assume responsibility for collaborating with or directing the activities of more than two (2) licensed Registered Nurse Practitioners at any one time. [Emphasis in original.]
 4. Exemption from the restrictions of the provisions of paragraph (3) hereof may be granted by the Board, after hearing, upon the application of the physician, in any instance in which enforcement of these restrictions would cause undue hardship. . . .
* * *
 8. Violation of this Regulation shall constitute "malpractice" within the meaning of the Arkansas State Medical Practices Act and shall subject the violator to all penalties provided therein.
Regulation 15 is, in my opinion, essentially the same as that struck down by the Arkansas Supreme Court in Arkansas StateNurses Association v. Arkansas State Medical Board. The Court has, in my opinion, clearly ruled that such a regulation is outside the authority of the Medical Board. Regulation No. 15 is also, in my opinion, beyond the statutory authority of the Board in that it impermissibly attempts to regulate nurse practitioners. As noted in Op. Att'y Gen. 80-148, it is the State Board of Nursing, rather than the State Medical Board, which is authorized to regulate the practice of nursing by registered nurse practitioners. See A.C.A. §§ 17-86-202, 17-86-303,17-93-203, 17-93-303, and 17-93-401 (Repl. 1992).
It is my opinion that the answer to your second question is also, generally, "no."
As noted in Arkansas State Nurses Association v. Arkansas StateMedical Board, supra, a Medical Board regulation restricting the number of R.N.P.'s that could be employed by a physician is invalid in that it is beyond the legislatively delegated authority of the Medical Board. 283 Ark. at 368.
And with regard to your third question, it is my opinion that the answer is, in all likelihood, "yes."
As the Court in the cited case stated, ". . . the effect of [such a regulation] would be to discourage registered nurses from becoming nurse practitioners, for the regulation would undeniably limit the number of jobs available to them." 283 Ark. at 369.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh