The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, Arkansas 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for an expedited opinion regarding Act 60 of the 2nd Extraordinary Session of 2003. Specifically, your question is as follows:
 Since Act 60 of the Special Session of the Legislature states in part, under Section 6-13-1603, Administrative reorganization (See attachment), and since the attorney for the Department of Education is interpreting that all such joining shall be by annexation, which shall have dominion . . . Act 60 or the Department of Education?
The attachment you enclose is a portion of Section 3 of Act 60, adding new provisions as follows:
6-13-1603. Administrative reorganization.
 (a)(1) Any school district included in the Department of Education's consolidation list pursuant to § 6-13-1602 may voluntarily agree to administratively consolidate with or be annexed to another district or districts in accordance with the requirements and limitations of this section.
 (2)(A) Any school district on the consolidation list choosing to voluntarily administratively consolidate or annex shall submit a petition for approval to the State Board of Education by April 1 immediately following publication of the list and shall set forth the terms of the administrative consolidation or annexation agreement in the plan.
 (B) If the petition is approved by the state board, the administrative consolidation or annexation shall be completed by June 1, to be effective the July 1 immediately following the publication of the list required under § 16-13-1602.
 (3) Any school district on the consolidation list that does not submit a petition pursuant to subdivision (a)(2)(A) of this section or that does not receive approval by the state board for a voluntary consolidation or annexation petition shall be administratively consolidated by the state board with or into one (1) or more school districts by June 1, to be effective the July 1 immediately following the publication of the list required under § 6-13-1602. . . .
RESPONSE
I cannot opine as to whether a verbal representation of a state employee conflicts with an Act of the General Assembly, particularly where the verbal representation is truncated to the degree displayed in your request. As a general rule, an administrative regulation cannot be contrary to a statute. See Pledger v. C.B. Form Co., 316 Ark. 22,871 S.W.2d (1994), citing State v. Burnett, 200 Ark. 655, 140 S.W.2d 673
(1940). It is my understanding that the Department of Education is in the process of promulgating rules and regulations to implement Act 60. It is impossible to analyze the issue without reference to the formal rules.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh