The Honorable Jim Medley State Representative 2200 Carthage Drive Fort Smith, Arkansas 72901-6820
Dear Representative Medley:
I am writing in response to your request for an opinion "regarding the ability of the Department of Finance and Administration to revise its rules enforcing the one cent (1¢) excise tax on the sale of bingo faces for use in charitable bingo games in the state." You note that "Act 388 of 2007, codified at Ark. Code Ann. § 23-114-101 et seq., authorized games of bingo to be conducted within the state by charitable organizations under certain conditions and levied an excise tax of `one cent (1¢) upon the sale of each bingo face sold . . . in this state.'" You emphasize the definition of "bingo face" under the Act as containing "any number of squares in any arrangement of rows, with each square being designated by number, letter, or combination of numbers and letters, and with one (1) or more squares designated as a `free' space." (Emphasis original). You also state that "[c]urrently, the excise tax of one cent (1¢) is being imposed and collected on each individual game card, of which there may be up to eighteen (18) on any given sheet of bingo faces." You assert that "[t]his application has imposed financial stress on licensed bingo operators and seems to have created a financial windfall for the State." You pose two questions with regard to these facts as follows:
 1. Is it within the power of the Director of the Department of Finance and Administration to revise the department's current rules regarding charitable bingo so that the excise tax of one cent (1¢) is collected on a sheet of bingo faces, in accordance with the definition of "bingo face" which states that a bingo *Page 2 
face may contain "any number of squares . . . any arrangement of rows . . . with on (1) or more squares designated as a "free" space?
 2. As Arkansas Code § 23-114-102(2)(E) provides that a bingo face "may be used one time" and "cannot be reused after the game in which the bingo face was used has ended," must any Department of Finance and Administration rule that applies the one cent (1¢) tax to a sheet of bingo faces require that all bingo faces on a sheet be used in the same game?
RESPONSE
In my opinion the answer to your first question is "no." An answer to your second question is therefore unnecessary.
Question 1 — Is it within the power of the Director of the Departmentof Finance and Administration to revise the department's current rulesregarding charitable bingo so that the excise tax of one cent (1¢) iscollected on a sheet of bingo faces, in accordance with the definitionof "bingo face" which states that a bingo face may contain "any numberof squares . . . any arrangement of rows . . . with on (1) or moresquares designated as a "free" space?
In my opinion the answer is "no."
As you note, an excise tax is levied by A.C.A. § 23-114-601, which states that: "There is levied an excise tax of one cent (1¢) upon the sale of each bingo face sold by a licensed distributor to a licensed authorized organization in this state." "Bingo face" is defined at A.C.A. § 23-114-102(2)(E) as:
 . . . a disposable flat piece of paper that may be used one (1) time and that cannot be reused after the game in which the bingo face was used has ended. The bingo face is marked off into any number of squares in any arrangement of rows, with each square being designated by number, letter, or combination of numbers and letters, and with one (1) or more squares designated as a "free" space with the word "Arkansas" and a facsimile outline of a map of Arkansas on the space. . . . *Page 3 
In Op. Att'y Gen. 2007-208, I addressed a similar question of whether, for purposes of collecting the excise tax, a "bingo face" should be "defined as a sheet containing several faces, or each individual face on a sheet." I opined that the Department of Finance and Administration was the proper authority to interpret the provisions of Act 388 of 2007 and that its interpretation that the excise tax should be collected on each individual face of a bingo sheet would be upheld by a court unless it could be demonstrated that such interpretation was "clearly wrong." I opined that it was not "clearly wrong" to treat each separate game card on a single sheet as a "bingo face."[1]
Your first question poses a slightly different issue that that discussed in Op. Att'y Gen. 2007-208, i.e., whether the Department of Finance and Administration could, if it chose to, adopt regulations to impose the one cent excise tax on a whole sheet of bingo faces, rather than on each individual game card. Section A.C.A. § 23-114-602(a)(1) of the Arkansas Code is unequivocal in levying a one cent tax upon the sale of each "bingo face." I assume, therefore, that any such regulation would implement the result you describe by elaborating on, or otherwise further defining the term "bingo face." The question you pose involves a determination of whether such a regulation would be contrary to the statutory definition of "bingo face" and thus unauthorized.
It is "well-settled" and "elementary" that an administrative agency has no right to promulgate a rule or regulation contrary to a statute.Department of Human Services v. Howard, 367 Ark. 55, 238 S.W.3d 1
(2006); and McLane Co., Inc. v. Weiss, 332 Ark. 284, 965 S.W.2d 109
(1998). More specifically, "An administrative regulation substantively altering statutory definitions of words or phrases and affecting rights under the statute must yield to the statute." Waghray v. City ofWestlake, 2002 WL 509557 (not reported in N.E.2d) (Ohio App.8th Dist. 2002); citing McAninch v. Crumbley,65 Ohio St. 2d 31, 417 N.E.2d 1252 (1981). See also, McLane Co., Inc. v.Weiss, supra (invalidating portion of regulation that deviated from statutory definition of "basic cost" of cigarettes). *Page 4 
In reviewing the validity of a rule or regulation, however, it has been stated that the Arkansas Supreme Court must give the regulation the same presumption of validity as it would a statute. McLane Co., Inc. v.Davis, 353 Ark. 539, 110 S.W.3d 251 (2003); and Department of HumanServs. v. Berry, 297 Ark. 607, 764 S.W.2d 437 (1989). See also,Arkansas Dept. of Human Services v. Huff, 347 Ark. 553, 65 S.W.2d 880
(2002); Yamaha Motor Corp. v. Richard's Honda Yamaha, 344 Ark. 44,38 S.W.3d 356 (2001), and State, Ex Rel. Attorney General v. Burnett,200 Ark. 655, 140 S.W.2d 673 (1940).
In my opinion, although portions of the applicable definition are, as you note, drafted broadly, taken as a whole and together with related statutes, the definition of "bingo face" contemplates the imposition of the one cent excise tax on an individual game card and not on an entire sheet of game cards or faces. As a consequence, any regulation imposing the one cent excise tax on only the entire sheet of bingo game cards would in my opinion be contrary to statute and unauthorized.
Section 23-114-602 imposes the one cent tax on the sale of each "bingo face." That is a defined term in Act 388 of 2007. As you note, the definition of a "bingo face" at A.C.A. § 23-114-102(2)(E) can include "any number of squares" in "any arrangement of rows." This language might be broad enough to include, as you suggest, an entire sheet of individual game cards. The same definition, however, states that a "bingo face" "may be used one (1) time and that cannot be reused after the game in which the bingo face was used has ended." Similarly, A.C.A. § 23-114-202(b)(2)(B) states that "Only one (1) game shall be played on each bingo face." The applicable statutes clearly restrict a "bingo face" to use in one single game of bingo.
As is evident from your second question, below, if a "bingo face" is interpreted as referring to an entire sheet of game cards, the entire sheet could only be used one time, in one single game of bingo. Although it may be possible for a bingo participant to play an entire sheet of game cards simultaneously in one game of bingo, I cannot conclude that it was the legislative intention to allow only such type of play, and to disallow a participant to play one game card on a sheet at a time. The definition of "game of bingo," which allows participants to use "one (1) or more bingo faces" in a single game refutes any such interpretation.[2] I thus *Page 5 
cannot conclude that the term "bingo face" refers to an entire sheet of bingo game cards.
In addition, the applicable statutory definition of "game of bingo," which references the use of "one (1) or more bingo faces" largely tracks the language of Arkansas Constitution, Amendment 84, which authorized the conduct of charitable bingo in this State. In this regard a "game of bingo" is defined in the statutes as "a single game of the activity commonly known as `bingo in which the participants pay a sum of money for the use of one (1) or more bingo faces. . ." A.C.A. §23-114-102(8)(A). (Emphasis added). This language is largely borrowed from Arkansas Constitution, Amendment 84's definition of "Game of bingo," with one exception. The statute substitutes the words "bingo faces" for the words "bingo cards," as used in the Constitution. Ark. Const. Am. 84, § (a)(2)(A). The Constitution and the statute each also state, in defining the term "game of bingo," that the winner is determined by the matching of letters and numbers of a bingo [card/face] imprinted with at least twenty-four (24) numbers. . . ." Again, the Constitution uses the word "card," and the statute uses the word "face." It is evident from this fact, in my opinion, that the statutory term "bingo face" was intended to refer to individual bingo cards as contemplated in the Constitution and not to an entire sheet of cards or faces.
Again, the excise tax is imposed at the rate of one cent per each "bingo face." As a consequence, in my opinion, a regulation imposing only a one cent excise tax on an entire sheet of game cards would be contrary to the statutory scheme and unauthorized. If this reduced level of taxation is desirable, in my opinion the applicable statutory scheme must be amended by the Arkansas General Assembly to bring about this result.
Question 2 — As Arkansas Code § 23-114-102 (2)(E) provides that abingo face "may be used one time" and "cannot be reused after the gamein which the bingo face was used has ended," must any Department ofFinance and Administration rule that applies the one cent (1¢) tax to asheet of bingo faces require that all bingo faces on a sheet be used inthe same game?
An answer to this question is unnecessary in light of the conclusion above. I will note, however, that this question appears to put the cart before the horse. It is first necessary to determine the proper interpretation of the statutory definition of "bingo face," in order to correctly apply the excise tax. If your suggested *Page 6 
interpretation of "bingo face" would require changes in the way bingo games are currently conducted (by restricting use of an entire sheet of game cards to a single game), this is some evidence that the interpretation you suggest is incorrect. Rather than dictating the action that must take place after the Director interprets "bingo face" as an entire sheet of bingo cards, the statutory prohibitions you mention, in my opinion, indicate that the term "bingo face" refers to the individual game cards on a sheet instead of the entire sheet.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The applicable rules and regulations do not expressly address the issue. See Department of Finance Administration Rule 2007-4 ("Charitable Bingo and Raffle Rule") at § A(3). The regulations echo the relevant definitions and provisions contained in the applicable statutes in this regard. Id. The Department apparently interprets the statutes as requiring the imposition of the one cent tax on each individual game card on a sheet.
[2] In addition, it seems unlikely that the legislative intention in this regard was to allow participants to use one or more sheets of game cards at a time.